IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MCCANTS, ) | |
| ) | |
| Plaintiff, ) | Case No. 19-cv-4856 |
| ) | |
| v. ) | |
| ) | |
| FRANCISCAN ALLIANCE, INC. and ) | |
| SPECIALTY PHYSICIANS OF ) | |
| ILLINOIS, LLC, ) | |
| | |
| Defendants. | |

**COMPLAINT**

NOW COMES Plaintiff, KATHLEEN MCCANTS, by and through her attorneys, and alleges the following against Defendants, FRANCISCAN ALLIANCE, INC. and SPECIALTY PHYSICIANS OF ILLINOIS, LLC:

**Jurisdiction, Venue and Parties**

1. This case arises under the Americans with Disabilities Act ("ADA"), as amended. 42 U.S.C. § 12112.

2. This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the ADA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is appropriate in this District because the events giving rise to this litigation occurred in this District: McCants worked in Olympia Fields, Illinois.

5. McCants was originally hired on March 5, 2012, by "WellGroup HealthPartners."

1

6. However, numerous documents in her personnel file indicate that her employer was actually Franciscan Alliance (or Franciscan Physician Network). These include but are not limited to, an employee handbook, a confidentiality agreement, job description, identification badge, conflict of interest declaration, and email address domain name (mccants@franciscanalliance.org).

7. McCants was fired on April 25, 2018.

8. The payor on McCants' paycheck at the time of her termination was Specialty Physicians of Illinois.

9. Specialty Physicians of Illinois ("SPI") is an Illinois LLC.

10. The manager of Specialty Physicians of Illinois, per the Illinois Secretary of State, is Franciscan Alliance.

11. Franciscan Alliance, Inc. is a corporation incorporated in Indiana.

12. Franciscan Alliance, Inc. is a healthcare system operating in Illinois and Indiana.

13. Franciscan Alliance, Inc. operates 14 hospitals and employs over 18,000 employees.

**Count 1: Disability Discrimination (ADA Violations)**

14. Plaintiff re-alleges paragraphs 1-13 as if re-typed here.

15. Under the ADA, it is unlawful for an employer to discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

16. In addition, an employer must make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability who is an applicant or

employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

17. McCants was protected by the ADA because she has a disability: her ability to walk is substantially limited by chronic back pain (and several surgeries).

18. Despite her back disability, McCants could perform the essential functions of her position.

19. At the time of her termination on April 25, 2018, McCants had been receiving a 6-hour per day accommodation, because of restrictions from her doctor.

20. At the time of her termination, McCants had been doing only sedentary work for nearly 4 years, because of restrictions from her doctor.

21. Defendants informed McCants it was firing her because of her restrictions.

22. The accommodations she was receiving were *not* an undue hardship on Defendants' business.

23. Defendants terminated her because of her disability.

24. Moreover, instead of firing her, Defendants could have transferred her to one of several vacant positions that she was qualified to perform.

25. There were at least six positions open positions for which McCants was qualified at the time she was terminated.

26. Defendants refused to transfer her and even refused to even engage in an interactive process about placing her anywhere else.

27. After her termination, on August 20, 2018, McCants applied for a position which required only 20 hours per week and sedentary. She was not even contacted for an interview.

28. Defendants' actions, as described above, violate the ADA.

29. McCants has been harmed by Defendants' violation of federal law: she has lost wages and benefits, has lost earning power, and has suffered emotional distress. These damages continue.

30. McCants had to retain an attorney to vindicate the violation of her rights.

31. Defendants' conduct was in reckless disregard of McCants' rights.

32. Punitive damages are necessary to punish Defendants for what they have done.

33. Punitive damages are necessary to deter Defendants from committing similar violations of the ADA.

34. Punitive damages are necessary to deter other companies from committing similar violations of the ADA.

35. McCants exhausted her administrative remedies under the ADA: she filed a Charge of Discrimination with the EEOC on August 20, 2018; received a right-to-sue letter on or around April 24, 2019; and is filing this lawsuit within 90 days thereof.

WHEREFORE, Plaintiff requests that Defendants be held liable, that judgment be entered against them, and that she be awarded all damages to which she is entitled including back pay and benefits, a tax-component award to compensate her for the negative tax consequences of receiving a lump-sum back pay award, prejudgment interest, front pay, compensation for emotional distress, punitive damages, attorney's fees, and expenses (including expert expenses).

### Count 2: Disability Discrimination (IHRA Violations)

36. Plaintiff re-alleges paragraphs 1-35 as if re-typed here.

37. Defendants' conduct also violates the Illinois Human Rights Act.

38. Konwent was damaged financially and emotionally by Defendants' violations of the IHRA.

39. Punitive damages are necessary to punish Defendants' for their violations of Illinois law.

40. Punitive damages are necessary to deter Defendants and companies like them from committing similar violations in the future.

41. McCants exhausted her administrative remedies under the IHRA:

   a. she filed a Charge of Discrimination with the EEOC on August 20, 2018, which was cross-filed with the Illinois Department of Human Rights ("IDHR");

   b. she received a right-to-sue letter from the EEOC on or around April 29, 2019;

   c. she notified the IDHR;

   d. she received dismissal from the IDHR on or around July 18, 2019; and

   e. she is bringing suit within 90 days of receipt of that dismissal.

WHEREFORE, Plaintiff requests that Defendants be held liable; and that she be awarded all damages to which she is entitled including compensatory damages, back pay and benefits, prejudgment interest on back pay, front pay, a tax component as other equitable relief, punitive damages, attorney's fees, expenses (including expert expenses), and costs.

### Count 3: Retaliatory Discharge (Illinois common law tort)

42. Plaintiff re-alleges paragraphs 1-13 as if re-typed here.

43. On November 3, 2016, McCants filed a worker's compensation case against her employer at the Illinois Workers' Compensation Commission.

44. On February 21, 2018, settlement of the case was approved by the Commission.

45. On April 25, 2018, Defendants fired McCants.

46. Defendants fired McCants because she had sought benefits to which she was entitled under the Illinois Workers' Compensation Act.

47. A termination for this reason violates public policy.

48. McCants suffered financially and emotionally as a result of Defendants' violations of Illinois common law.

49. Accordingly, Defendants are liable for retaliatory discharge under Illinois common law.

50. Punitive damages are necessary to punish Defendants for their conduct.

51. Punitive damages are necessary to deter Defendants from violating state law in this way again.

52. Punitive damages are necessary to deter other companies from violating state law in this way again.

WHEREFORE, Plaintiff requests that Defendants be found liable and that she be awarded all damages available under the law, including back pay and benefits, a tax-component award to compensate her for the negative tax consequences of receiving a lump-sum back pay award, prejudgment interest, front pay, compensation for emotional distress, punitive damages, and costs.

### Jury Demand

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: 7/19/19                                                 Respectfully submitted by:

                                                                    s/Julie Herrera

Law Office of Julie O. Herrera
53 W. Jackson, Suite 1615
Chicago, IL 60604
Tel: 312-697-0022
Fax: 312-697-0812
jherrera@julieherreralaw.com