# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN MCCANTS, <br><br> Plaintiff, <br><br> v. <br><br> FRANCISCAN ALLIANCE, INC. and SPECIALTY PHYSICIANS OF ILLINOIS, LLC, <br><br> Defendants. | Case No. 1:19-cv-04856 <br><br> Honorable Jorge L. Alonso |

## FRANCISCAN ALLIANCE'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Franciscan Alliance Inc. hereby submits its Answer and Defenses to Plaintiff's Complaint and states as follows:

### Jurisdiction, Venue and Parties

**COMPLAINT ¶1:**

This case arises under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112.

**ANSWER:**

Franciscan Alliance admits that Plaintiff purports to bring this lawsuit under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12112.

**COMPLAINT ¶2:**

This Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

**ANSWER:**

Franciscan Alliance admits that this Court has subject matter jurisdiction to hear this case under 28 U.S.C. § 1331 (federal question jurisdiction).

**COMPLAINT ¶3:**

This Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because these claims are so related to the ADA claims that they form part of the same case or controversy under Article III of the United States Constitution.

**ANSWER:**

Franciscan Alliance admits that this Court has supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 3 of the Complaint, and therefore, denies the remaining allegations.

**COMPLAINT ¶4:**

Venue is appropriate in this District because the events giving rise to this litigation occurred in this District: McCants worked in Olympia Fields, Illinois.

**ANSWER:**

Franciscan Alliance admits that venue is appropriate in this District. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 4 of the Complaint, and therefore, denies the remaining allegations.

**COMPLAINT ¶5:**

McCants was originally hired on March 5, 2012, by "WellGroup HealthPartners."

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶6:**

However, numerous documents in her personnel file indicate that her employer was actually Franciscan Alliance (or Franciscan Physician Network). These include but are not limited to, an employee handbook, a confidentiality agreement, job description, identification badge, conflict of interest declaration, and email address domain name (mccants@franciscanalliance.org).

**ANSWER:**

Franciscan Alliance denies that it was Plaintiff's employer. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint, and therefore, denies the remaining allegations.

**COMPLAINT ¶7:**

McCants was fired on April 25, 2018.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶8:**

The payor on McCants' paycheck at the time of her termination was Specialty Physicians of Illinois.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶9:**

Specialty Physicians of Illinois ("SPI") is an Illinois LLC.

**ANSWER:**

This allegation is directed at SPI, and not Franciscan Alliance. To the extent this allegation is directed at Franciscan Alliance, Franciscan Alliance admits the allegation set forth in paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

The manager of Specialty Physicians of Illinois, per the Illinois Secretary of State, is Franciscan Alliance.

**ANSWER:**

This allegation is directed at SPI, and not Franciscan Alliance. To the extent this allegation is directed at Franciscan Alliance, Franciscan Alliance admits the allegations set forth in paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

Franciscan Alliance, Inc. is a corporation incorporated in Indiana.

**ANSWER:**

Franciscan Alliance admits the allegations set forth in paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

Franciscan Alliance, Inc. is a healthcare system operating in Illinois and Indiana.

**ANSWER:**

Franciscan Alliance admits the allegations set forth in paragraph 12 of the Complaint.

**COMPLAINT ¶13:**

Franciscan Alliance, Inc. operates 14 hospitals and employs over 18,000 employees.

**ANSWER:**

Franciscan Alliance admits that it operates hospitals and employs over 18,000 employees. Franciscan Alliance denies the remaining allegations.

## Count 1: Disability Discrimination (ADA Violations)

**COMPLAINT ¶14:**

Plaintiff re-alleges paragraphs 1-13 as if re-typed here.

**ANSWER:**

Franciscan Alliance reasserts and incorporates by reference the answers contained in paragraph 1-13, as if re-typed here.

**COMPLAINT ¶15:**

Under the ADA, it is unlawful for an employer to discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

**ANSWER:**

Plaintiff has not accurately or completely characterized the law and therefore, Franciscan Alliance denies the allegations set forth in paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

In addition, an employer must make reasonable accommodations to the known physical limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless the employer can demonstrate that the accommodation would impose an undue hardship on the operation of its business.

**ANSWER:**

Plaintiff has not accurately or completely characterized the law and therefore, Franciscan Alliance denies the allegations set forth in paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

McCants was protected by the ADA because she has a disability: her ability to walk is substantially limited by chronic back pain (and several surgeries).

59020913v.2

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, and therefore, denies the allegations.

**COMPLAINT ¶18:**

Despite her back disability, McCants could perform the essential functions of her position.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶19:**

At the time of her termination on April 25, 2018, McCants had been receiving a 6-hour per day accommodation, because of restrictions from her doctor.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶20:**

At the time of her termination, McCants had been doing only sedentary work for nearly 4 years, because of restrictions from her doctor.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it at no point employed the Plaintiff.

**COMPLAINT ¶21:**

Defendants informed McCants it was firing her because of her restrictions.

**ANSWER:**

Franciscan Alliance denies that it informed the Plaintiff that it was firing her and because of her restrictions and states that it at no point employed the Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶22:**

The accommodations she was receiving were *not* an undue hardship on Defendants' business.

**ANSWER:**

Franciscan Alliance denies it was providing the Plaintiff with any accommodations and states that it at no point employed the Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶23:**

Defendants terminated her because of her disability.

**ANSWER:**

Franciscan Alliance denies that it terminated Plaintiff and states that it at no point employed the Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

59020913v.2

**COMPLAINT ¶24:**

Moreover, instead of firing her, Defendants could have transferred her to one of several vacant positions that she was qualified to perform.

**ANSWER:**

Franciscan Alliance denies that it terminated Plaintiff and states that it at no point employed the Plaintiff. Franciscan Alliance further denies that it could have transferred Plaintiff to "one of several vacant positions that she was qualified to perform," as Franciscan Alliance did not employ her. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶25:**

There were at least six positions open positions for which McCants was qualified at the time she was terminated.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it did not employ the Plaintiff.

**COMPLAINT ¶26:**

Defendants refused to transfer her and even refused to even engage in an interactive process about placing her anywhere else.

**ANSWER:**

Franciscan Alliance denies that it refused to transfer Plaintiff and refused to "engage in an interactive process about placing her anywhere else," and states that it did not employ Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶27:**

After her termination, on August 20, 2018, McCants applied for a position which required only 20 hours per week and sedentary. She was not even contacted for an interview.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of whether or not Plaintiff was terminated and therefore denies this allegation. Franciscan Alliance admits that on August 20, 2019, Plaintiff applied for a position that required about 20 hours of work per week. Franciscan Alliance admits that Plaintiff was not contacted for an interview. Franciscan Alliance denies the remaining allegations set forth in paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

Defendants' actions, as described above, violate the ADA.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

McCants has been harmed by Defendants' violation of federal law: she has lost wages and benefits, has lost earning power, and has suffered emotional distress. These damages continue.

**ANSWER:**

Franciscan alliance denies the allegations set forth in paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

McCants had to retain an attorney to vindicate the violation of her rights.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

Defendants' conduct was in reckless disregard of McCants' rights.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

Punitive damages are necessary to punish Defendants for what they have done.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

Punitive damages are necessary to deter Defendants from committing similar violations of the ADA.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Punitive damages are necessary to deter other companies from committing similar violations of the ADA.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 34 of the Complaint.

**COMPLAINT ¶35:**

McCants exhausted her administrative remedies under the ADA: she filed a Charge of Discrimination with the EEOC on August 20, 2018; received a right-to-sue letter on or around April 24, 2019; and is filing this lawsuit within 90 days thereof.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint, and therefore, denies the allegations.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff requests that Defendants be held liable, that judgment be entered against them, and that she be awarded all damages to which she is entitled including

back pay and benefits, a tax-component award to compensate her for the negative tax consequences of receiving a lump-sum back pay award, prejudgment interest, front pay, compensation for emotional distress, punitive damages, attorney's fees, and expenses (including expert expenses).

**ANSWER:**

Franciscan Alliance denies that it engaged in any unlawful conduct and denies that it is liable for any alleged conduct. Franciscan Alliance further denies that Plaintiff is entitled to the judgment set forth in Plaintiff's prayer for relief, or any other judgment.

**Count 2: Disability Discrimination (IHRA Violations)**

**COMPLAINT ¶36:**

Plaintiff re-alleges paragraphs 1-35 as if re-typed here.

**ANSWER:**

Franciscan Alliance realleges and incorporates by reference the allegations contained in paragraph 1-35, as if re-typed here.

**COMPLAINT ¶37:**

Defendants' conduct also violates the Illinois Human Rights Act.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 37 of the Complaint.

**COMPLAINT ¶38:**

Konwent [sic] was damaged financially and emotionally by Defendants' violations of the IHRA.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 38 of the Complaint.

**COMPLAINT ¶39:**

Punitive damages are necessary to punish Defendants' for their violations of Illinois law.

11

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 39 of the Complaint.

**COMPLAINT ¶40:**

Punitive damages are necessary to deter Defendants and companies like them from committing similar violations in the future.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 40 of the Complaint.

**COMPLAINT ¶41:**

McCants exhausted her administrative remedies under the IHRA:

a. she filed a Charge of Discrimination with the EEOC on August 20, 2018, which was cross-filed with the Illinois Department of Human Rights ("IDHR");

b. she received a right-to-sue letter from the EEOC on or around April 29, 2019;

c. she notified the IDHR;

d. she received dismissal from the IDHR on or around July 18, 2019; and

e. she is bringing suit within 90 days of receipt of that dismissal.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Complaint, and therefore, denies the allegations.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff requests that Defendants be held liable; and that she be awarded all damages to which she is entitled including compensatory damages, back pay and benefits, prejudgment interest on back pay, front pay, a tax component as other equitable relief, punitive damages, attorney's fees, expenses (including expert expenses), and costs.

**ANSWER:**

Franciscan Alliance denies that it engaged in any unlawful conduct and denies that it is liable for any alleged conduct. Franciscan Alliance further denies that Plaintiff is entitled to the judgment set forth in Plaintiff's prayer for relief, or any other judgment.

**Count 3: Retaliatory Discharge (Illinois common law tort)**

**COMPLAINT ¶42:**

Plaintiff re-alleges paragraphs 1-13 as if re-typed here.

**ANSWER:**

Franciscan Alliance realleges and incorporates by reference the allegations contained in paragraph 1-13, as if re-typed here.

**COMPLAINT ¶43:**

On November 3, 2016, McCants filed a worker's compensation case against her employer at the Illinois Workers' Compensation Commission.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it was not Plaintiff's employer.

**COMPLAINT ¶44:**

On February 21, 2018, settlement of the case was approved by the Commission.

**ANSWER:**

Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint, and therefore, denies the allegations. Franciscan Alliance states that it was not Plaintiff's employer.

**COMPLAINT ¶45:**

On April 25, 2018, Defendants fired McCants.

**ANSWER:**

Franciscan Alliance denies that it fired Plaintiff and states that it never employed Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶46:**

Defendants fired McCants because she had sought benefits to which she was entitled under the Illinois Workers' Compensation Act.

**ANSWER:**

Franciscan Alliance denies that it fired Plaintiff and states that it never employed Plaintiff. Franciscan Alliance lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint as they relate to SPI, and therefore, denies the remaining allegations.

**COMPLAINT ¶47:**

A termination for this reason violates public policy.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 47 of the complaint.

**COMPLAINT ¶48:**

McCants suffered financially and emotionally as a result of Defendants' violations of Illinois common law.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 48 of the Complaint and states that it never employed the Plaintiff.

**COMPLAINT ¶49:**

Accordingly, Defendants are liable for retaliatory discharge under Illinois common law.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 49 of the Complaint and states that it never employed the Plaintiff.

**COMPLAINT ¶50:**

Punitive damages are necessary to punish Defendants for their conduct.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 50 of the Complaint.

**COMPLAINT ¶51:**

Punitive damages are necessary to deter Defendants from violating state law in this way again.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 51 of the Complaint.

**COMPLAINT ¶52:**

Punitive damages are necessary to deter other companies from violating state law in this way again.

**ANSWER:**

Franciscan Alliance denies the allegations set forth in paragraph 52 of the Complaint.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff requests that Defendants be found liable and that she be awarded all damages available under the law, including back pay and benefits, a tax-component award to compensate her for the negative tax consequences of receiving a lump-sum back pay award, prejudgment interest, front pay, compensation for emotional distress, punitive damages, and costs.

**ANSWER:**

Franciscan Alliance denies that it engaged in any unlawful conduct and denies that it is liable for any alleged conduct. Franciscan Alliance further denies that Plaintiff is entitled to the judgment set forth in Plaintiff's prayer for relief, or any other judgment.

## Jury Demand

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**ANSWER:**

Franciscan Alliance admits that Plaintiff has demanded a jury trial pursuant to Rule 30(b) of the Federal Rules of Civil Procedure.

## Affirmative and Other Defenses

Franciscan Alliance asserts the following defenses without assuming any burdens of production or proof that pursuant to law, belong to the Plaintiff.

1. To the extent that Plaintiff failed to mitigate her damages, she is barred in whole or in part from recovering any damages.

2. Franciscan Alliance was never Plaintiff's employer and is therefore not liable for any of the allegations raised in the Complaint.

3. Plaintiff's request for punitive damages in Counts I and III is barred because Franciscan Alliance engaged in good faith efforts to comply with the law and had reasonable grounds to believe that any act or omission taken was not a violation of the law. Further, Franciscan Alliance did not act in a willful, wanton, or grossly negligence manner with respect to Plaintiff and also did not act with malice, fraud, deliberate violence or oppression with respect to Plaintiff, as it never employed the Plaintiff.

4. Plaintiff's claims for punitive damages under Count II are barred because punitive damages is not a remedy for relief identified under the Illinois Human Rights Act.

5. Plaintiff is barred from seeking punitive damages in Counts I and III because, even if it employed Plaintiff (which it did not), Franciscan Alliance may not be vicariously liable

for discriminatory employment decisions of its employees, as those decisions, if any, were contrary to Franciscan Alliance's good faith efforts to comply with the ADA.

6. Plaintiff's claims for damages fail because, even if it employed Plaintiff (which it did not), Franciscan Alliance engaged in good faith efforts to identify and provide Plaintiff with a reasonable accommodation in an effort to provide her with an equally effective opportunity that would not be an undue hardship on the operation of Franciscan Alliance's business.

Franciscan Alliance reserves the right to amend its Answer and to assert additional affirmative defenses as may become available or apparent during the course of this litigation, in accordance with applicable Court rules and orders.

WHEREFORE, Franciscan Alliance requests that this Complaint be dismissed with prejudice, and that Franciscan Alliance be awarded its costs and all other relief that the Court deems appropriate.

**DATED: September 19, 2019**  Respectfully submitted,

FRANCISCAN ALLIANCE, INC.

By:  /s/ Karla E. Sanchez
   One of its Attorneys

Katherine Mendez
kmendez@seyfarth.com
Karla E. Sanchez
ksanchez@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on August 19, 2019, she caused a true and correct copy of the foregoing FRANCISCAN ALLIANCE'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT to be electronically filed via the Court's electronic filing system, which will send notification of such filing to all attorneys of record in this matter.

    /s/ Karla E. Sanchez